IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Kids2, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **Graco Children's Products Inc.**, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Kids2, LLC ("Kids2") files this Complaint for Patent Infringement against Defendant Graco Children's Products Inc. ("Graco") and alleges as follows:

### Nature of Action

2.      This is an action for patent infringement based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

3.      This action arises out of Graco's making, using, selling, offering to sell, and/or importing convertible child highchairs that infringe one or more claims of each of U.S. Patent Nos. 9,101,225 (Exhibit 1); 9,883,749 (Exhibit 2); 10,278,513 (Exhibit 3); 10,835,053 (Exhibit 4); and 11,534,006 (Exhibit 5) (collectively, the "Asserted Patents").

## The Parties

4.     Plaintiff Kids2, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta, Georgia 30305.

5.     Defendant Graco Children's Products Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 5 Concourse Parkway, 8th Floor, Atlanta, Georgia 30328.

## Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

7.     This Court has personal jurisdiction, both general and specific, over Graco because Graco has its principal place of business in this judicial district, has committed acts of patent infringement in this district, and has transacted business in this district. From its principal office in Atlanta, Graco regularly conducts business (including acts that constitute the acts of patent infringement complained of herein) in the State of Georgia with Georgia businesses and residents. Graco and/or its agents perform the legal violations described below in this State and District and derive revenue and value therefrom, so as to purposefully avail itself of the privilege of conducting business within this State and District.

2

8.    Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Graco resides in this district by virtue of having its principal place of business here and because Graco has committed acts of infringement and has a regular and established place of business in this district.

## Background

9.    Kids2 is a leading provider of solutions for parents and growing families, and designs and manufactures a variety of innovative products for children and their caretakers. Kids2 has developed innovative and award-winning designs and inventions for over 50 years. Kids2 product brands include Baby Einstein®, Bright Starts®, Ingenuity®, Summer® by Ingenuity®, and SwaddleMe® by Ingenuity®.

10.    The child highchair is one of the most universally recognized pieces of juvenile furniture in the world. The chairs elevate children to the family table, to include them in the communal act of mealtime, to feed them safely, and to free a caregiver's hands for other tasks. These chairs served a single purpose and a narrow age range. Once a child outgrew the chair, it was set aside.

11.    But even as the development of highchairs resulted in various safety features or other functions, highchairs remained, for the most part, single-purpose devices: a child sat in the elevated chair during mealtime, and the chair served no other function. This meant that as the child grew—from

infant to toddler to young child—a family often needed to purchase an entirely new seating solution at each developmental stage, whether a booster seat to place on a dining chair, a toddler chair, or some other transitional product.

12. This proliferation of single-use juvenile furniture created real frustrations. Each new product consumed household space. Each transition required research, purchase, assembly, and adjustment. And each product, once outgrown, was discarded or stored. The economic and logistical burden was especially present for growing families with more than one young child. There was a clear, unmet need in the market for a highchair that could grow with the child, converting seamlessly between configurations to serve multiple ages and purposes—all without sacrificing safety, stability, or ease of use.

13. Some manufacturers had begun to address this need with convertible highchairs that offered multiple configurations, but these prior designs suffered from a critical limitation. When the booster seat was detached from the highchair, it must be coupled to a separate base member and can then be secured to a standard chair for use as a booster. In other words, the detached booster seat could not stand or sit stably on its own; it required an additional, separate component (a base or support member) to function as a booster on a dining chair or other surface. This added complexity, cost, and inconvenience. Parents had to keep track of additional parts. Assembly and conversion

4

required extra steps. And the separate base member added bulk and reduced the portability that families needed most.

14.   Kids2 developed an improved convertible highchair that was safer, easier, and more convenient for parents to convert and that included a removable booster seat capable of stably supporting itself on a standard chair without the need to be secured to a separate base support, which is subject to the patent applications that resulted in the Asserted Patents.



15.   Among the many product lines that exemplify Kids2's design philosophy, the patented Ingenuity TRIO line of highchairs, which are covered by the Asserted Patents. These highchairs embody Kids2's commitment to versatility, value, and family-centered engineering. Launched under the Ingenuity brand, the TRIO has become one of the most recognized and widely reviewed convertible highchair platforms in the juvenile products industry,

earning praise from both expert testing organizations and the hundreds of thousands of families who have relied on it.

16.    The original Ingenuity Trio 3-in-1 High Chair was designed around a brilliantly simple concept: three essential child seating solutions—a full-size highchair, a booster seat, and a toddler chair—integrated into a single, thoughtfully engineered product. This 3-in-1 design means the chair accommodates children from infant through toddler-age children, eliminating the need for parents to purchase separate seating products as their child grows.

17.    The TRIO line of highchairs has consistently drawn favorable attention from independent reviewers and parenting publications. One detailed product review praised the Trio 3-in-1 as offering "a lot of bang for your buck" and highlighted the three-mode convertibility as a standout feature.

18.    Kids2 owns all rights, title, and interest in the Asserted Patents, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the Asserted Patents. Kids2 also owns the right to enforce and prosecute actions for infringement and to collect damages against infringers of the Asserted Patents.

19.    Kids2 possesses the exclusive right and standing to prosecute actions for infringement of the Asserted Patents.

20.    Kids2 has complied with the marking requirements of 35 U.S.C. § 287 with respect to the Asserted Patents.

21.    Graco has no license or authorization to practice the technology of the Asserted Patents.

22.    Graco makes, uses, sells, offers for sale, and/or imports into the United States convertible child highchairs that infringe the Asserted Patents (the "Accused Products"). The Accused Products include at least, but are not limited to, the DuoDiner DLX 6-in-1 Highchair; Table2Table LX 6-in-1 Highchair; and Table2Table Premier Fold 7-in-1 High Chair.

23.    The Accused Products are convertible child highchairs advertised as convertible between at least an infant highchair configuration, a full-size or toddler highchair configuration, and a booster seat configuration.

24.    Graco sells the Accused Products throughout the United States via numerous streams of commerce, including via the Internet and brick-and-mortar retailers like Target, Walmart, and BuyBuyBaby. Graco also sells the Accused Products throughout the United States via its website, http://www.gracobaby.com, and at online retailers such as Amazon.com.

25.    Graco has had actual knowledge of the Asserted Patents at least by March 13, 2026, when served with a subpoena, which identified the Asserted Patents and which was served in connection with Kids2's lawsuit

against Baby Trend, filed in the United States District Court for the Central District of California, Case No. 5:25-cv-02001.

26. The Graco Respondents have also had knowledge of the Asserted Patents and their infringement thereof at least as of the filing date of this Complaint.

### COUNT I—Infringement of U.S. Patent No. 9,101,225

27. Kids2 repeats and realleges the allegations set forth in paragraphs 1–26 as if fully restated herein.

28. Graco has been infringing—directly, contributorily, and by inducement—the claims of the '225 patent in the United States, including in this District.

29. Graco makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products, as shown in the exemplary claim charts attached as Exhibit 6.

30. Defendant offers the Accused Product for sale to any and all potential buyers.

31. Kids2 sells products that embody the claims of the '225 Patent.

32. The Accused Products compete directly with Kids2's own products and closely imitate the technology of the Asserted Patents. The Accused Products infringe literally, or under the doctrine of equivalents, the claims of the '225 Patent as shown in the exemplary (and non-limiting) claims charts

attached as Exhibit 6, in violation of United States Patent laws. 35 U.S.C. §§ 271, *et seq*.

33.    Graco had pre-suit knowledge of the Asserted Patents as of at least March 13, 2026, yet has continued to offer and sell the Accused Products without any reasonable basis to do so.

34.    Graco's patent infringement has been willful.

### COUNT II—Infringement of U.S. Patent No. 9,883,749

35.    Kids2 repeats and realleges the allegations set forth in paragraphs 1–26 as if fully restated herein.

36.    Graco has been infringing—directly, contributorily, and by inducement—the claims of the '749 patent in the United States, including in this District.

37.    Graco makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products, as shown in the exemplary claim charts attached as Exhibit 7.

38.    Defendant offers the Accused Product for sale to any and all potential buyers.

39.    Kids2 sells products that embody the claims of the '749 Patent.

40.    The Accused Products compete directly with Kids2's own products and closely imitate the technology of the Asserted Patents. The Accused Products infringe literally, or under the doctrine of equivalents, the claims of

the '749 Patent as shown in the exemplary (and non-limiting) claims charts attached as Exhibit 7, in violation of United States Patent laws. 35 U.S.C. §§ 271, et seq.

41. Graco had pre-suit knowledge of the Asserted Patents as of at least March 13, 2026, yet has continued to offer and sell the Accused Products without any reasonable basis to do so.

42. Graco's patent infringement has been willful.

### COUNT III—Infringement of U.S. Patent No. 10,278,513

43. Kids2 repeats and realleges the allegations set forth in paragraphs 1–26 as if fully restated herein.

44. Graco has been infringing—directly, contributorily, and by inducement—the claims of the '513 patent in the United States, including in this District.

45. Graco makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products, as shown in the exemplary claim charts attached as Exhibit 8.

46. Defendant offers the Accused Product for sale to any and all potential buyers.

47. Kids2 sells products that embody the claims of the '513 Patent.

48. The Accused Products compete directly with Kids2's own products and closely imitate the technology of the Asserted Patents. The Accused

Products infringe literally, or under the doctrine of equivalents, the claims of the '513 Patent as shown in the exemplary (and non-limiting) claims charts attached as Exhibit 8, in violation of United States Patent laws. 35 U.S.C. §§ 271, *et seq.*

49. Graco had pre-suit knowledge of the Asserted Patents as of at least March 13, 2026, yet has continued to offer and sell the Accused Products without any reasonable basis to do so.

50. Graco's patent infringement has been willful.

**COUNT IV—Infringement of U.S. Patent No. 10,835,053**

51. Kids2 repeats and realleges the allegations set forth in paragraphs 1–26 as if fully restated herein.

52. Graco has been infringing—directly, contributorily, and by inducement—the claims of the '053 Patent in the United States, including in this District.

53. Graco makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products, as shown in the exemplary claim charts attached as Exhibit 9.

54. Defendant offers the Accused Product for sale to any and all potential buyers.

55. Kids2 sells products that embody the claims of the '053 Patent.

11

56.    The Accused Products compete directly with Kids2's own products and closely imitate the technology of the Asserted Patents. The Accused Products infringe literally, or under the doctrine of equivalents, the claims of the '053 Patent as shown in the exemplary (and non-limiting) claims charts attached as Exhibit 9, in violation of United States Patent laws. 35 U.S.C. §§ 271, *et seq*.

57.    Graco had pre-suit knowledge of the Asserted Patents as of at least March 13, 2026, yet has continued to offer and sell the Accused Products without any reasonable basis to do so.

58.    Graco's patent infringement has been willful.

## COUNT V—Infringement of U.S. Patent No. 11,534,006

59.    Kids2 repeats and realleges the allegations set forth in paragraphs 1–26 as if fully restated herein.

60.    Graco has been infringing—directly, contributorily, and by inducement—the claims of the '006 patent in the United States, including in this District.

61.    Graco makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products, as shown in the exemplary claim charts attached as Exhibit 10.

62.    Defendant offers the Accused Product for sale to any and all potential buyers.

63. Kids2 sells products that embody the claims of the '006 Patent.

64. The Accused Products compete directly with Kids2's own products and closely imitate the technology of the Asserted Patents. The Accused Products infringe literally, or under the doctrine of equivalents, the claims of the '006 Patent as shown in the exemplary (and non-limiting) claims charts attached as Exhibit 6, in violation of United States Patent laws. 35 U.S.C. §§ 271, *et seq*.

65. Graco had pre-suit knowledge of the Asserted Patents as of at least March 13, 2026, yet has continued to offer and sell the Accused Products without any reasonable basis to do so.

66. Graco's patent infringement has been willful.

## Prayer for Relief

WHEREFORE, Kids2 respectfully requests that this Court enter judgment in its favor and against Graco and grant the following relief:

A. A judgment that Graco has infringed and continues to infringe each of the Asserted Patents;

B. An award of damages adequate to compensate Kids2 for Graco's infringement of the Asserted Patents, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

C.    A finding that this case is exceptional and an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285;

D.    A preliminary and permanent injunction enjoining Graco, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from infringing the Asserted Patents;

E.    An award of enhanced damages pursuant to 35 U.S.C. § 284;

F.    An award of pre-judgment and post-judgment interest;

G.    Such other and further relief as this Court deems just and proper.

**Demand for Jury Trial**

Kids2 demands a trial by jury on all issues so triable.

Dated: June 11, 2026                           Respectfully submitted,

KREVOLIN & HORST, LLC

*/s/ Kana A. Caplan*
Kana A. Caplan
Georgia Bar No. 621805
R. David Gallo
Georgia Bar No. 22828
One Atlantic Center
1201 W. Peachtree Street, NW
Suite 3500
Atlanta Georgia 30309
caplan@khlawfirm.com
dgallo@khlawfirm.com
(404) 888-9700
(404) 888-9577 (facsimile)

14

FOLEY & LARDNER LLP

David R. Wright (*pro hac vice forthcoming*)
Jared J. Braithwaite (*pro hac vice forthcoming*)
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
jbraithwaite@foley.com
drwright@foley.com
(801) 401-8900

*Attorneys for Plaintiff Kids2, LLC*

## Certificate of Compliance

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13.

Respectfully submitted this 11th day of June, 2026.

*/s/ Kana A. Caplan*
Kana A. Caplan